UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH PAUL BIRD,<br><br>    Plaintiff(s),<br><br>v.<br><br>JULIE WILLIAMS, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00120-JAD-NJK<br><br>**ORDER** |

Pending before the Court is an order to show cause why Kipperman and Pena should not be dismissed for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 33. Plaintiff filed a response. Docket No. 40.

Construing Plaintiff's response liberally, it appears that he represents that he sent documents to the Nevada Attorney General's Office to request Marshal Service on these defendants. *See id.* at 1.[1] The overarching problem with this explanation is that Plaintiff was required to <u>file a motion with the Court</u> for this service effort:

> If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

Docket No. 9 at 2. No such motion was filed and asking the opposing side for that relief is not a substitute to filing a motion. The other overarching problem is that the Court continues to lack a first name or any address for Defendant Pena. Service cannot be effectuated without that information.

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

Although a close call, the Court will discharge the order to show cause as to Kipperman. To that end, the Court will construe Plaintiff's response to the order to show cause as a motion to serve Kipperman through the Marshals Service. As so construed, the motion will be granted subject to the procedures identified below. The Court will defer ruling on the order to show cause as to Defendant Pena given that sufficient information has not been provided as to his identity or address. Plaintiff must file a proper motion seeking service on Defendant Pena by January 3, 2025.[2] If Plaintiff fails to file such a motion, the Court will proceed to resolve the order to show cause as to Defendant Pena.

Accordingly, the order to show cause is **DISCHARGED** as to Defendant Kipperman. The Clerk's Office is **INSTRUCTED** to issue a summons for Brian Kipperman and to send Plaintiff a USM-285 form. Plaintiff must complete that USM-285 form with the relevant information, but must leave blank the address for service on Defendant Kipperman. Plaintiff must send the completed USM-285 form to the United States Marshals Service by January 3, 2025. To ensure the United States Marshals Service can attempt service at the correct address, the Clerk's Office is further **INSTRUCTED** to send a copy of the operative complaint (Docket No. 38), this order, and the sealed address for Defendant Kipperman (Docket No. 11) to the United States Marshals Service. Within twenty days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Kipperman was served. If Defendant Kipperman was not served and Plaintiff wishes to have service again attempted, a motion must be filed identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

---

[2] Plaintiff references engaging in discovery efforts to obtain this information. *See* Docket No. 40 at 1-2. Plaintiff also represents that the discovery cutoff has been extended to "April of 2025," *see id.* at 1, but the Court has identified no such order in this case and discovery is set to close on January 3, 2025, *see* Docket No. 23. The Court also trusts that Plaintiff has been proceeding expeditiously in seeking to obtain this information through discovery given the Court's prior admonitions. *See id.* at 1 ("**The parties must use this time wisely, as the Court is not inclined to grant further extensions**" (emphasis in original)).

2

The order to show cause is **DEFERRED** as to Defendant Pena. No later than January 3, 2025, Plaintiff must file a motion identifying requesting issuance of a summons for Defendant Pena and specifying a full name and address for Defendant Pena.

**<u>Failure to comply with the requirements set forth in this order may result in a recommendation of dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>**

IT IS SO ORDERED.

Dated: December 19, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

3