UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEITH PAUL BIRD,

    Plaintiff(s),

v.

JULIE WILLIAMS, et al.,

    Defendant(s).

Case No. 2:24-cv-00120-JAD-NJK

**ORDER**

[Docket No. 55]

The Court ordered Plaintiff to show cause why Defendant Kipperman[1] should not be dismissed for lack of service. Docket No. 33 at 2. Plaintiff filed a response. Docket No. 40. The Court discharged the order to show cause as to Defendant Kipperman, and instructed service to be attempted by the United States Marshals Service. Docket No. 42 at 2. The Court also ordered as follows:

> Within twenty days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Kipperman was served. If Defendant Kipperman was not served and Plaintiff wishes to have service again attempted, a motion must be filed identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

*Id.* Despite two attempts, the Marshals Service represents that service was unsuccessful, and it appears that Defendant Kipperman sold that property and has moved. *See* Docket No. 51 at 1, 3.

Pending before the Court is Plaintiff's request for judicial notice, explaining that service on Defendant Kipperman was not successful and explaining that he does not know how to proceed

---

[1] Plaintiff's papers sometimes refer to Kipperman as "Keeperman," *e.g.*, Docket No. 3 at 3, but defense counsel has since clarified that the former spelling is correct. The Court will refer to this defendant herein as Kipperman.

1

in trying to effectuate service. Docket No. 55 at 1 ("Plaintiff is at a loss"). Plaintiff then requests that service be attempted by the United States Marshals Service at Defendant Kipperman's current place of residence, but Plaintiff does not identify that address. *Id.* Plaintiff also states without elaboration that service be made "by [p]ublication if [a]ppropriate," but Plaintiff does not make any argument that service by publication is actually warranted. *See id.*

As the Court's earlier order has already made clear, further service efforts require Plaintiff to file a motion "specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted." Docket No. 42 at 2. The undersigned magistrate judge is not Plaintiff's paralegal or attorney, *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and cannot fill in these gaps for Plaintiff.

Accordingly, the portion of Plaintiff's request for judicial notice seeking further service attempts on Defendant Kipperman is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge